## Case No. 13,872.

### THAYER et al. v. WALES et al.

[5 Fish. Pat. Cas. 448.] [1]

Circuit Court, E. D. New York. April, 1872.

COURTS—FEDERAL JURISDICTION — CITIZENSHIP — MARSHAL'S RETURN—ADMISSION OF JURISDICTION—PATENTS—ASSIGNMENT.

1. The bill having alleged that the defendant was a resident of New Jersey, in order to con-

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

fer jurisdiction, it should appear affirmatively in the marshal's return that the subpena was served on the defendant within the district in which the suit was brought.

2. The defendant having appeared by attorney, and having filed his plea to the jurisdiction by attorney, and not in person, this fact must be deemed an admission that the court has jurisdiction and a submission thereto.

3. A special appearance having been entered by the clerk upon the order-book, at the request of the defendants' attorney, without leave of the court, held, that such an appearance was an admission of jurisdiction.

4. A patentee having conveyed an undivided interest in the "invention as secured" by letters patent, the same to be held and enjoyed "to the full end of the term for which said letters patent are or may be granted," held, that this conveyed to the assignee an interest in the extended term.

In equity. Pleas to the jurisdiction and in abatement.

Suit brought on letters patent [No. 12,492] for an "improvement in machines for making candles," granted to John Stainthorp, March 6, 1855, extended for seven years from March 6, 1869, and assigned to complainants [Edwin S. Thayer and others], more particularly referred to in the report of the case of Thayer v. Wales [Case No. 13,871]. The bill averred that one James M. Dietz, one of the defendants, resided in the state of New Jersey. He was served in the city of New York, but was returned "served personally," and it did not appear where service was in fact made. The attorneys of Dietz addressed the following paper to the clerk: "Please enter our appearance for the defendant Joseph Wales in the above case; also, enter a special appearance for us for the defendant James M. Dietz in order to save a default, that he may plead specially to the jurisdiction of this court, said Dietz not having been served with process in the Eastern district of New York." The clerk entered in the order-book an appearance in the words of this request, and the defendant subsequently filed, by the same attorneys, a plea to the jurisdiction. A motion was made at the same time to correct the return, to show where the service was made, that it might appear upon the face of the return that the defendant was not served within the Eastern district of New York. The plea in abatement was filed by defendant Wales. The facts upon which it was based are fully set forth in the opinion.

M. B. Andrus, for complainants.

Abbett & Fuller, for defendants.

BENEDICT, District Judge. In regard to the motion made in this cause to correct the marshal's return of service of the subpena upon the defendant Dietz by adding to the return that the service was made in the city of New York, it is sufficient to say that it is needless, in view of the decision in Allen v. Blunt [Case No. 215]. That return, as it stands, does not show where the subpena was served, and is not of itself sufficient to confer jurisdiction. The bill avers that the defendant Dietz resides in New Jersey, and it should appear affirmatively in the return that the subpena was served on him within this district, to render such return a foundation for the exercise of jurisdiction over him. The motion may, therefore, be denied as useless.

The main question before me is presented by the plea to the jurisdiction which Dietz has interposed, upon which plea issue has been joined and testimony taken, upon which a decision is now to be rendered. The plea avers that the defendant Dietz was never served with process in this district, but was served in the city of New York, and that he has never voluntarily appeared in the case. The proofs are sufficient to show that the service of the subpena was made in the city of New York; and, if that were all, the plea to the jurisdiction must prevail, as the bill avers the defendant Dietz to be an inhabitant of the state of New Jersey. But the difficulty is that the defendant Dietz has appeared in the cause by attorney, and his plea is filed by attorney, and not in person.

The appointment of an attorney, solicitor, or agent, by whom the plea is put in, is, per se, an appearance—an admission that the court has jurisdiction and a submission thereto. Van Antwerp v. Hurlburd [Case No. 16,826]. This rule, although technical, appears to be followed; and, if applicable in any case, there is no reason for omitting to apply it here, where the subject matter of the controversy arose in this district, and where the defendant transacted a part of his business in this district, and could easily be found therein, and when his co-defendant and partner engaged jointly with him in the infringement complained of, is found within the district. The fact that what is called a special appearance was entered by the attorney for Dietz, without leave of the court, does not relieve the case from the application of the rule. There must, therefore, be a decree for the plaintiffs upon the plea to the jurisdiction, with liberty to the defendant Dietz to answer, if so advised.

The remaining question arises upon a plea in abatement, interposed by the defendant Wales, because of the non-joinder of Stephen Seguine as a party plaintiff. The interest of Seguine in the patent sued on depends upon an indenture, in the following words: "Whereas, I, John Stainthorp, of the city of Buffalo and state of New York, did obtain letters patent of the United States for an improvement in machines for making candles, which letters patent bear date March 6, 1855. And whereas, Stephen Seguine, of Staten Island, county of Richmond, state of New York, is desirous of acquiring an undivided fourth part of all my interest therein: now, this indenture witnesseth that, for and in consideration of the sum of one dollar and other good and valuable considerations to me in hand paid, the receipt of which is hereby acknowledged, I have assigned, sold, and set over, and do hereby assign, sell, and set over

unto the said Stephen Seguine, an undivided fourth part of all the right, title, and interest which I have in the said invention, as secured to me by the said letters patent, except for all that part of the United States lying east of Hudson river and Lake Champlain, and north of Long Island Sound; Long Island, in the state of New York, being included in this assignment. The same to be held and enjoyed by the said Stephen Seguine for his own use and behoof, and for the use and behoof of his legal representatives, to the full end of the term for which said letters patent are or may be granted, as fully and entirely as the same would have been held and enjoyed by me had this assignment and sale not been made. In testimony whereof, I have hereunto set my hand and seal, this 29th day of May, A. D. 1857. John Stainthorp. [L. S.] Signed, sealed, and delivered in presence of J. E. Shaw, J. H. B. Jenkins." Subsequently to the execution of this instrument, an extension of the patent was granted, and the question here is, whether, by this instrument, Seguine acquired a right in the extension. If so, then it appears by the bill that he should be made a party plaintiff. This instrument appears to be the same in legal effect as the instrument which came under the consideration of the supreme court of the United States in the case of Railroad Co. v. Trimble, 10 Wall. [77 U. S.] 378. These words, almost identical, were held to convey an interest in all reissues, renewals, and extensions of the patent referred to; and, in obedience to that decision, I must give the present instrument a similar effect.

Upon the plea interposed by the defendant Wales there must, therefore, be judgment for the defendant, with liberty to the plaintiffs to amend. No costs given to either party on either plea.

[For other cases involving this patent, see Cases Nos. 13,281 and 13,871.]